[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**July 12, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-15567
Non-Argument Calendar

_____

D.C. Docket No. 00-06024-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HENRY HERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(July 12, 2005)

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Henry Hernandez appeals his sentence imposed after pleading guilty to

possession with intent to distribute cocaine, a violation of 21 U.S.C. § 841(a)(1),

arguing the district court erred under *United States v. Booker*, 125 S. Ct. 738 (2005). We affirm Hernandez's sentence.

## I. DISCUSSION

Because Hernandez raised a constitutional objection to his sentence based on *Blakely v. Washington*, 124 S. Ct. 2531 (2004), before the district court, we review his sentence de novo, but will reverse only for harmful error. *See United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). We have clarified there are two types of *Booker* error: (1) Sixth Amendment, or constitutional error based upon sentencing enhancements, imposed under a mandatory Guidelines system, neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) statutory error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329–30 (11th Cir. 2005).

A.      *Constitutional Error*

There is no Sixth Amendment error under *Booker* where the defendant has admitted to facts later used by the district court to enhance a sentence. *Id.* at 1330. A quantity of 15 kilograms but less than 50 kilograms of cocaine results in a base level of 34. *See* U.S.S.G. § 2D1.1(c)(3). An enhancement for obstruction of justice is proper where the defendant "escap[es] or attempt[s] to escape from

2

custody before trial or sentencing." *See* U.S.S.G. § 3C1.1, comment. (n.4(e)). In the statement of facts supporting his plea agreement, Hernandez admitted that the offense involved 35.01 kilograms of cocaine and that he fled DEA custody and remained a fugitive for more than two years. Thus, Hernandez admitted the facts supporting his base offense level of 34 and the enhancement for obstruction of justice, and there is no *Booker* constitutional error.

B.     *Statutory Error*

Even in the absence of a Sixth Amendment violation, *Booker* error exists where the district court imposes a sentence under a mandatory Guidelines system. *Shelton*, at 1330–31. The district court sentenced Hernandez under a mandatory Guidelines system, thus statutory error exists. *See id.* "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance . . . that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." *United States v. Mathenia*, 11th Cir., 2005, __ F.3d __ (No. 04-15250, May 23, 2005) (internal quotation marks and brackets omitted). The Government has the burden of showing the error was harmless. *Id.*

3

When imposing Hernandez's sentence, the district judge stated that "if the [G]uidelines are advisory or truly [G]uidelines as opposed to a rigid, I will still impose the same sentence." Accordingly, the Government has met its burden of showing the *Booker* statutory error of sentencing Hernandez under a mandatory Guidelines scheme was harmless. *See United States v. Robles*, 11th Cir., 2005, __ F.3d __ (No. 04-13598, May 10, 2005) (holding, under the higher beyond a reasonable doubt standard used in *Booker* constitutional error cases, that although the district court erred in imposing a sentence under a mandatory Guidelines system based on facts not admitted by the defendant, the error was harmless beyond a reasonable doubt because "[t]he district court stated its sentence would be the same even if the [G]uidelines were only advisory").

## II. CONCLUSION

There was no *Booker* constitutional error because Hernandez admitted the facts used in imposing his sentence. Additionally, the Government has met its burden of showing the *Booker* statutory error of sentencing Hernandez under a mandatory Guidelines scheme was harmless.

AFFIRMED.